UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CLAY MARTINEZ,

               Plaintiff,

        *v.*

35-50 81ST STREET REALTY LLC,
ANTONIOS FEGGOUDAKIS, LLC, and
ANTONIOS FEGGOUDAKIS,

               Defendants.

**REPORT & RECOMMENDATION**
20-CV-3167-MKB-SJB

**BULSARA, United States Magistrate Judge:**

      Clay Martinez ("Martinez") commenced this action on July 15, 2020, alleging wage-and-hour violations by Defendants. (Compl. dated July 15, 2020 ("Compl."), Dkt. No. 1). He asserted claims for unpaid overtime under the Fair Labor Standards Act ("FLSA"), (*id.* ¶¶ 37–41), unpaid straight and overtime wages under the New York Labor Law ("NYLL"), (*id.* ¶¶ 43–46, 49), and failure to provide appropriate wage notices and statements under the NYLL, (*id.* ¶¶ 50–51). Martinez passed away during the pendency of the litigation, and Defendants filed a "Statement Noting a Party's Death" on January 19, 2021. (Statement Noting a Party's Death dated Jan. 19, 2021 ("Statement"), Dkt. No. 15). This statement was served by ECF on January 19, 2021, (*id.*), and personally served on Martinez's widow, Fatima Alencastro, on February 2, 2021, (Letter dated Feb. 9, 2021, Dkt. No. 16). No motion to substitute a party in place of Martinez was filed, and on June 1, 2021, Defendants moved to dismiss this action pursuant to Rule 25(a)(1). (Mot. dated June 1, 2021 ("Mot."), Dkt. No. 19). The Honorable Margo K. Brodie referred the motion to the undersigned for a report and recommendation on June 2, 2021. (Order Referring Mot. dated June 2, 2021). For the reasons outlined below, the Court respectfully recommends that the motion to dismiss be granted.

Pursuant to Rule 25 of the Federal Rules of Civil Procedure, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). "If [a] motion [for substitution] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.*

Martinez's claims were not extinguished by his death. Whether a federal claim survives the death of a plaintiff is governed by federal common law. 7C Charles Alan Wright & Arthur R. Miller et al., *Federal Practice & Procedure* § 1954 (3d ed. 2021) ("If the right of action is federally created, federal law controls on the survival of the action."). And "under federal common law, a federal cause of action survives the death of a party if it is remedial and not penal in nature." *Int'l Cablevision, Inc. v. Sykes*, 172 F.R.D. 63, 67 (W.D.N.Y. 1997). Martinez asserted a claim for unpaid overtime under FLSA. (Compl. ¶¶ 37–41). Because FLSA is a remedial statute, *see Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206–07 (2d Cir. 2015), this claim is not extinguished by Martinez's death, *Jipeng Du v. Wan Sang Chow*, No. 18-CV-1692, 2019 WL 3767536, at *6 (E.D.N.Y. Aug. 9, 2019) (noting that FLSA is "remedial" and claims under FLSA "survive the death of a litigant"); *Lai Yoong Low v. Tian Yu Inc.*, No. 12-CV-7237, 2015 WL 1011699, at *3 (S.D.N.Y. Mar. 9, 2015) (same).

Whether a state-law claim survives the death of a plaintiff is governed by state law; here, New York's "survival statute." *E.g.*, *Lopa v. Safeguard Props. Mgmt., LLC*, No. 14-CV-3193, 2018 WL 3104456, at *9 (E.D.N.Y. May 16, 2018), *report and recommendation adopted*, 2018 WL 3094940 (June 22, 2018); *see also Barrett v. United States*, 689 F.2d 324, 331 (2d Cir. 1982). New York's survival statute provides that "[n]o cause of action for injury to person or property is lost because of the death of

2

the person in whose favor the cause of action existed." N.Y. Est. Powers & Trusts § 11-3.2(b). Claims for wage-and-hour violations are claims for "injury to person or property"; as a result, Martinez's claims under the NYLL survive his death. *See, e.g.*, *Jipeng Du*, 2019 WL 3767536, at *6 (finding NYLL claims for unpaid wages, unpaid overtime, and failure to provide wage notices survived plaintiff's death); *Lai Yoong Low*, 2015 WL 1011699, at *2 ("Because Xie's wages are property, his Labor Law claims survive.").

Because all of Martinez's claims survive his death, Rule 25 applies to Defendants' motion to dismiss. Under Rule 25, "[b]efore the Court can dismiss a decedent's lawsuit, three things must occur: (1) there must be a statement 'noting the death[;]' (2) that statement must be served on certain parties; and (3) 90 days must elapse from the date of service." *Lopa*, 2018 WL 3104456, at *10 (second alteration in original). Each of the three have taken place, and thus the motion must be granted and the case dismissed.

First, the statement of death filed by Defendants is sufficient to trigger the 90-day deadline. "[T]he statement noting the death of a party (previously called a 'suggestion of death') must be a formal, written document that is both served on the appropriate persons and filed with the court." 6 James Wm. Moore, *Moore's Federal Practice* § 25.13[2][b] (3d ed. 2021); *see also* 7C Wright & Miller et al., *supra*, § 1955. A statement filed by an adverse party satisfies this requirement. *Lopa*, 2018 WL 3104456, at *10 ("A defendant . . . is a party to an action, and may make a statement noting the death of the plaintiff.").

Second, service of the statement noting Martinez's death was sufficient. The statement was served by ECF on all parties on January 19, 2021. (Statement). And

while not required,[1] it was also personally served on Fatima Alencastro on February 2, 2021. (Proof of Service dated Feb. 3, 2021, attached to Letter dated Feb. 9, 2021, Dkt. No. 16). This service is proper under Rule 25.[2]

And finally, more than 90 days have elapsed since service was affected and no motion for substitution was filed. As a result, action must be dismissed. Fed. R. Civ. P. 25(a)(1) ("If the motion is not made within 90 days after service of a statement noting the death, the action by . . . the decedent *must* be dismissed." (emphasis added)); *see also, e.g.*, *Okolie v. Paikoff*, 589 F. Supp. 2d 204, 207 n.2 (E.D.N.Y. 2008) ("Defendant Barry Paikoff apparently passed away on November 11, 1999, approximately one year after this action commenced. Because plaintiff did not move within 90 days after service of the Suggestion of Death to substitute Paikoff's successor or representative as required by [Rule] 25(a)(1), his claims as to Paikoff are dismissed with prejudice for this additional reason." (citation omitted)).

For these reasons, the Court respectfully recommends that the motion to dismiss be granted, and the claims dismissed with prejudice. Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report. Failure to file objections within the specified time waives the right

---

[1] The Second Circuit has held that service on an estate's representative is not required under Rule 25(a)(1). *Kotler v. Jubert*, 986 F.3d 147, 154 (2d Cir. 2021) ("[I]t necessarily follows from *Unicorn Tales*[*, Inc. v. Banerjee*, 138 F.3d 467 (2d Cir. 1998)] that if a statement of death need not even *identify* the representative—and indeed, that a representative need not even *exist* at the time of service—for the 90-day clock to start running for the served party, then it certainly is not required that the statement be *served* on that representative.").

[2] And while Martinez's counsel—Abdul Karim Hassan—had no automatic authority to act on behalf of a successor or representative as a result of and following his client's death, Mr. Hassan made no indication that substitution was forthcoming despite receiving notice of the 90-day period.

to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[ ] [judge's] report operates as a waiver of any further judicial review of the magistrate[ ] [judge's] decision.").  Defendants' counsel is directed to serve via first-class mail this Report and Recommendation on Fatima Alencastro, or any known representative of Martinez's estate, and file proof of service of the same on the docket by **June 29, 2021**.

                                              SO ORDERED.

                                              */s/ Sanket J. Bulsara* June 21, 2021
                                              SANKET J. BULSARA
                                              United States Magistrate Judge

Brooklyn, New York